[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The defendant Brian Webb has moved pursuant to Practice Book § 741 et seq. for discovery of certain information and materials. The CT Page 11242-D defendant has been charged with committing the crimes of sexual assault and risk of injury upon a child who was placed in his foster care by the Department of Children and Families. Those records and documents sought by his counsel include, inter alia:
1. . . . records pertaining to the commitment, custody, and placement of the victim.
2. . . . Medical records of the victim;
3. . . . psychological and psychiatric records of the victim;
4. . . . records, letters telephone calls, telephone logs, statements made by the paternal parents and wife, all letters of instruction, requests for treatment and statements made to the Department of Children and Youth Services, (now known as Department of Children and Families) pertaining to the victim.
5. . all records of reports and investigations pertaining to the Defendant, Brian J. Webb and his spouse Kelly J. Webb for each and every foster child entrusted in their care since 1984. CT Page 11242-E
6. A list of each and every case worker assigned to the alleged victim from her placement with Department of Children and Youth Services or its successor to date and provide their current names, addresses and phone number.
7. A copy of any video or audio tapes made of the alleged victims interviews.
8. A copy of the Wheeler Clinics protocol for handling cases of alleged child abuse/or sexual assault.
Since the request has been made by the defendant with reference only to § 741 of the Practice Book (see also § 54-86a) and without the necessary showing required, it right be appropriate to simply deny the relief requested. The request is infinitely more complex than contemplated by the defendant.
The records sought by the defendant not only involve §§ 740 through 747 of the Practice Book as they relate to disclosure of information by the prosecution in criminal proceedings, but also CT Page 11242-F relate to § 52-146d relating to confidentiality of psychiatric and patient records, § 17a-28 relating to Department of Children and Families case records, § 46b-124 relating to the juvenile court records of placement regarding the victim, and perhaps, § 54-86e
regarding information of sexual abuse victims.
The issues presented by this request for discovery involve privileged and protected rights of the victim, the accused and the Department of Children and Families. All should have the right to be heard and to decide whether and to what extent to assert their respective privilege. State v. Storlazzi 191 Conn. 453 (1983),464 A.2d 829.
The defendant is directed to make a clear showing of materiality of the matter sought and to reduce his request from a "fishing expedition" to more specific and defined requests. The defendant is further directed to prepare an appropriate memorandum of law in support of his requested discovery.
The State's Attorney is directed to provide a copy of this memorandum of decision to the Department of Children and Families CT Page 11242-G or upon the Attorney General as counsel for DCF. The Assistant Attorney General responsible for this child/victims case shall cause a copy of this decision to be provided to the child/victims Juvenile Court appointed counsel.
All interested parties may be heard at a hearing to be held on this Motion for Discovery, in Superior Court at Willimantic at 10:00am in the fore noon on the 15th day of December, 1994.
Foley, J.